Our next case is number 23, 1562, Cooke v. McDonough. Okay, Mr. Jeter. May it please the court, good morning. My name is Chris Jeter, along with my co-counsel Robert Legge. We represent Lewis Cooke, the appellant. This case really is about one word, finality. And the Veterans Corps below erred when it failed to recognize the finality that attaches to board decisions that are not appealed throughout the claims process. And to that- Isn't this appeal really a factual dispute, though, over whether the 1976 disability is the same as the service-connected disability? No, Your Honor, it's not. And the reason I say that is because this court has made it clear and it sure as proves that where the material facts are not a dispute, really the question is, it turns on an issue of law that it will hear the case. And in this case, not only are the facts not a dispute, there's really not even facts. There are three decisions in the record. Well, but it doesn't seem as though that's correct because the VA is saying that the disability condition in 1976 and the disability condition later were different because the first one encompassed this nervous condition and the second one didn't. Right? Well, Your Honor, I would submit that that argument is foreclosed by the March 2020 board decision that gave the thyroid disability an earlier effective date to 1975. By giving an earlier effective date, it was essentially adjudicated that it was the same disability. Otherwise, it couldn't have been given an earlier effective date. But the later board in the Veterans Court found to the contrary. And we're reviewing that Veterans Court decision. So if that factual determination that these are two different disabilities between the pension and the service-connected one is correct and we can't review it, then the decision is correct, isn't it? Well, Your Honor, under 38 CFR 3.104, that disability rating was finite once it was made in 1975. And the issue of... But if it's not the same disability determination, then the regulation doesn't apply. But the...respectfully, Your Honor, the March 2020 board decision essentially ended that question because it gave an earlier effective date to the thyroid to 1975. It had to be the same disability. No, it didn't. There were multiple disabilities for the pension benefit that resulted in the 60%. The thyroid was one of them. That's why it got all the way back to whatever date you're talking about. But it didn't have to mean that it was the exact same constellation of disabilities for both decisions. Why isn't it true that if the original pension benefits had the thyroid plus a mental condition that resulted in 60% and the later rating said the thyroid, whichever rating we're going to give it, also dates back to that original thing, but didn't say anything about the mental, that they're the same thing? Of course, the thyroid alone dates back to that date because that's what they said. But it's still a different rating because the earlier one indisputably covered more than just the thyroid, right? Well, Your Honor, but the board in March 2020... Answer my question. The pension-related benefit was not based solely on the thyroid, right? That's a factual issue that... Right. We can't review. And the board found that it did cover more than just the thyroid. You're talking about the December 2021 board decision? Whatever date it is, yes. But that was after the March 2020 board decision? But the March 20 decision did not say that the only disability rated in the 1976 was the thyroid, did it? No. It said the thyroid portion relates back. It didn't say anything about whether the thyroid was the only thing that was related. So how does that help your argument? Well, I would submit, Your Honor, that the March 2020 board could have decided that. It could have decided that there were two disabilities. Because remember, this disability... They didn't have to. They're talking about the thyroid. They weren't being asked to rate the mental disability, were they? Well, that was the only one that was mentioned in March 2020 was the thyroid disability. And we have to assume that the board, they're the medical experts, that they considered all of these arguments, all these facts, and they only listed... I mean, the evidence, or at least the description of all of this in the record, is that the thyroid is service-connected, but the mental disability that was covered in the original service, or the pension, sorry, I'm going to get my terms mixed up, was not service-connected. I'm sorry, Your Honor, can you ask the question again? I'm sorry. Well, look, at least from what I see in the record, the VA has determined that that original pension benefit covered a thyroid condition and at least a mental condition. It might have been one other one. The thyroid has been found to be service-connected. The mental condition is never found to be service-connected, right? That's there.  And so when they're trying to rate the thyroid condition as alone, that's never been rated at 60%. The original service-connected pension-related benefit was not based solely on a thyroid. It was based on a thyroid plus mental condition that gets you to 60. Again, I would just submit that that isn't in the record in March 2020. It only talks about a thyroid, and that thyroid was given 60% in 1975. So, but in 2020, what they determined was that the earlier claim included thyroid. It didn't determine that the earlier claim was limited to thyroid. So, it really didn't address the question that we're dealing with now, and that is whether the whole range of disabilities in 1976 was the same as we're dealing with now. Well, there's only one rating code, whether it's non-service-connected or service-connected. There's only one rating code for the disability. So, by being given a 60% rating in 1975 and then being made, given an earlier effective date in 2020, it's an acknowledgment that it was the same disability. So, first of all, was Mr. Cook ever service-connected for a nervous condition or psychiatric condition? No, he was not. But our position is that the December 2021 decision did not respect the finality that should have attached to the March 2020 decision, which gave an earlier effective date to the thyroid back in 1975, which has to acknowledge it's the same disability, and it should be warranted the same percentage. Yeah, it's the same thyroid disability that was part of the constellation of benefit, or disabilities for the service-connection one, but it's not completely co-extensive. There were other disabilities rated under that 60% service. So, the fact that you can date one portion of it back to 1976 doesn't mean it gets the same rating. It just gets the same effective date, and you still have to show that the thyroid alone is 60% disabled. Because the VA has never determined that the thyroid alone is 60% disabled. It didn't do it in the service-connected pension, it didn't do it in that 2020 decision, and it certainly didn't do it in its later decision. I'll acknowledge that the March 2020 decision only talks about the thyroid. Yes. But it doesn't say it's rated at 60%. It just gives you an effective date back to 1977. That's right. But our argument is that by being retroactive to 1975... There's a difference between effective date and the rate of disablement. That's not even a word, sorry. The table of ratings, right? You acknowledge that. You can get an effective date, and it can go up or down. So, even if it had been 60%, they could have shown that it had decreased. Obviously, there's different regulations and stuff involved. We're not going to get into that. But they had never determined that the thyroid condition alone was 60%. Well, the March 2020 position is silent. I agree that it's silent on the other disabilities. It's also silent on whether the thyroid condition is entitled to a 60% rate. That's true. It does not discuss that. But by giving an earlier effective date, our argument is that it's at 60% because that's what it was in 1975. But it's not the same disability. No, no, no. Answer this. If there's a factual dispute, a legitimate factual dispute, and you think the only... I don't know how you can actually dispute that the disability in the service-connected pension was not a multiple set of conditions. It's on the record. So, there are different conditions. One is two or three conditions. And the thyroid alone, which is now service-connected, it's just different. If that's a factual dispute, we don't have jurisdiction, right? I agree with that.  Yeah, I agree with that. But, again, just going back to the three decisions that are important, the 1975 decision, which gave the initial 60%. I mean, you would have a better argument if that 2020 decision said the 60% rating given in 1976 is retroactive to 1976, right? Then they would have explicitly said the thyroid condition and the 60% rating was retroactive. But they didn't say that. They just said the effective date is 1976, not what the rating was. Is that correct? Yeah, that's correct. That's correct. So, our argument essentially is in that March 2024 decision those issues were considered and could have been listed. But by just simply giving your effective date, it sets up the 60% disability. If there are further questions, I'll reserve. Okay, thank you. Ms. Welch? Good morning, and may it please the Court. Your questions hit at the only issue in this case. It deals with a factual dispute over which this Court lacks jurisdiction. Is there any legal import to the fact that the 2020 decision didn't affect the rating? It just went to the effective date? Can we, I mean, is there some kind of waiver or something on the part of the VA when it's talking about the effective date for this thyroid condition? No, Your Honor. Effective date decisions are different than disability percentage determinations. It's the upstream and downstream. The effective date is the upstream and then the disability. Is there a reason that didn't have a rating decision with it too? Most likely because they were only asking at the time for service connection. That would be, usually you would do the effective date and then you would do the percent disability related to that afterwards. Because they're, again, upstream and downstream issues. And I also wanted to specifically point out the fact that because these effective date decisions are different than disability decisions, the silence, it just, it means nothing. What if, hypothetically, and I know that's not the case here, but what if, hypothetically, the only disability considered in the pension context was the thyroid and then it had been rated as 60%? Would that then be binding with the 2020 decision because it was the same disability and by finding that that disability had an effective date, service connected date back to 1976, would it have been bound by the 60% then? It is likely in that hypothetical. If we don't have the specific facts we do here, it is likely that that would be connected. But here, in a... I thought your argument was that the regulation didn't apply because it was a pension disability determination rather than the kind of disability determination we're dealing with here later. So the argument would be that partially that because it was a pension rating, it wouldn't... Well, let me step back. If it was, in this case, they used that request for pension and they looked back and they said, it's possible that this could be construed as a compensation rating because we're being most beneficial to the veteran and it could be construed as compensation. So therefore, when you go back, that would then have sort of a finality as they are being more attached to it specifically because they can go back and say, oh, this is also construed as compensation. So in that hypothetical, for instance, the compensation was... They went back and they found compensation tied to that. I'm confused. Let's assume that it was the same disability in 76 and later. And I know the Veterans Court decided to the contrary your argument that that's a fact issue and we can't review it. I understand that. But let's assume that it were the same disability. Just the one, the thyroid condition was the sole basis for the 60% rating in 1976. Do you agree that under those circumstances that it's subject then to the regulation that it can't be changed except under those limited circumstances? I would agree if it was the same exact condition and there wasn't any sort of break in the middle. The issue here is there was a break in the middle. If it wasn't connected, service connected, compensation benefits back in 76, there was a sort of break. But if there was... Is your answer dependent upon the fact that you could construe that 76 request as a claim for both compensation and pension? Yes, Your Honor. Yes. In this case where they went back and they construed it as a compensation... Because then it would be an unadjudicated pension claim and you would get the effective date all the way back to 76. Correct. Yes, Your Honor. But if that's true, I don't understand the significance of the break. I mean, if it was a service-connected disability claim, there couldn't be a break. There was no income limitation on that, right? Correct. Yes, yes. And that would be the delineation, yes. That would only be if you were talking about pension. But if it was compensation, there wouldn't have been a break because that would be tied to income. Correct, Your Honor. Okay. Is there a way I could delineate that better? We don't need to reach it, so... I don't think we understand why the break you were proposing has any difference. It doesn't. It doesn't. No, it doesn't, Your Honor. For compensation, it doesn't add any difference. I apologize. Let me... I'm going to ask you one more, I think, harder hypothetical. What if the claim in 1976 had been specifically and unambiguously only a claim for pension benefits, but it was only for thyroid and it was awarded 60%? And then we get the whole string of events coming along. He goes up and down in income, so it gets taken away or not. And then somehow in 2000, they say this thyroid connection is actually service-connected. There's no... Under the hypothetical, there is no pending unadjudicated claim for compensation. Is there a way, then, to still date it back to 1976? If it becomes clear later that the condition is exactly the same condition and should have been given 60% in 1976? If it's the same exact condition and they look back at the facts and they do decide that it could have qualified for compensation benefits, then yes. Is that because even if the veteran had unambiguously described it as a pension request, they can still construe it? Yes. Yes. To be the most beneficial to the veteran even if they unambiguously... Especially if it's just the veteran, no counsel. If they're saying specifically, oh, we only want pension, we're trying to help the veteran out in terms of deciding that it would be a compensation claim. The result of that analysis is the compensation never should have stopped, right? Yes. Yes. The compensation wouldn't have stopped because it wouldn't have been tied to the income and there wouldn't have been a break. And did he get retroactive benefits for the thyroid condition at the rate they determined it was disabled? At the 10% and then in 20... I believe it was 2017 it goes up to 30% when the VA changed the rating schedule. Yes. So he did get a retroactive award in 1976, just not the 60%? Correct. Yes, Your Honor. It would be the 10%. I thought 10% was not compensable. I believe it was. No. I believe it was. Never mind. Anything further? No, Your Honor. If you have no further questions. Okay. The court should dismiss this appeal for a lack of jurisdiction. Okay. Thank you. Mr. Jeter. Thank you, Your Honor. I'll be brief. I'm not going to address the breaking payments because I guess that court is not concerned about the breaking payments. I'll just, you know, reiterate briefly if I can that the March 2020 board decision is really dispositive here. That's where the multiple disability theory should have made its way but the court or the board only talked about one thyroid disability effective to 1975. Excuse me. My argument is that that rating from 1975 it's a fact that it means it's the same disability. It should be given a 60% rating so we ask that the court reverse the direction to give Mr. Cook 60% service connected. Again, this is a case about finality. Once these disability percentages are made they can't be undone and that March 2020 would have been the time and we have to assume that the board considered all these multiple disability theories and only came up with the thyroid. So with that I'll turn it over to questions. Okay. Thank you. Thank both counsel. The case is submitted.